UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20976-CIV-MORENO/SIMONTON

PLATYPUS WEAR, INC.,

    Plaintiff,

v.

FERNANDO CALDAS PEREIRA CALDAS, SR.,
et al.,

    Defendants.
_____/

### ORDER GRANTING, IN PART, MOTION TO COMPEL; GRANTING, IN PART, CROSS-MOTION FOR PROTECTIVE ORDER; AND GRANTING MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO MOTION TO DISMISS

This matter arose upon Plaintiff's Motion to Compel Production of Documents from Defendant Fernando Caldas Pereira Caldas, Sr. ("Caldas, Sr.") (DE # 95). Mr. Caldas Sr. has responded in opposition and filed a Cross-Motion for Stay of Discovery or for Protective Order (DE # 101), and Plaintiff has replied (DE # 105). In addition, Plaintiff has filed an Agreed Motion for Enlargement of Time to Serve a Response to Caldas, Sr.'s Motion to Dismiss (DE # 97). The Honorable Federico A. Moreno, United States District Judge, has referred this case to the undersigned Magistrate Judge to take all necessary and proper action as required by law, with respect to any and all pretrial matters (DE # 41). A hearing was held on March 9, 2007. This Order sets forth the rulings made at the hearing, and incorporates by reference the reasons stated on the record.

Plaintiff seeks to compel documents responsive to fourteen categories of requests propounded to Defendant Caldas, Sr. In essence, these requests seek documents specifically related to Plaintiff or the intellectual property at issue here, and

records of communications in the possession of Defendant Caldas, Sr. which involve the Plaintiff or the intellectual property at issue in this case, including communications involving the Horizonte partners, Laurens Offner (the former PWI controlling shareholder), or co-defendant Elisa Santucci or the co-defendant law firm. Plaintiff contends these documents are relevant to show whether Defendant Caldas, Sr. instructed the other defendants to commit tortious acts in Florida, or participated in their decision to do so. Plaintiff also contends that these documents are relevant to a determination of the veracity of Caldas, Sr.'s Affidavit, in which he avers that he "did not engage in communications . . . dealing with the acts alleged in the Amended Complaint." (DE # 95 at 3). Although Plaintiff initially sought documents which were authored or received between January 1, 2000, and the present, at the hearing, Plaintiff agreed that the relevant time period should be limited to begin on May 2002, which is the approximate date of commencement of the California lawsuit which provided the alleged motive for the tortious acts alleged in the case at bar. Plaintiff also agreed that the appropriate termination date should be April 2006, the date that this case was filed. In addition, Plaintiff agreed that it was appropriate to limit discovery at this point to the jurisdictional issues.

      In response, Defendant Caldas, Sr. agreed that if there were any communications which reflected involvement of Caldas, Sr. in events which took place in Florida, they should be produced. However, he contended that the requested discovery was overbroad. He also requested thirty days to produce responsive documents since, if any exist, they are located in Portugal.

      The undersigned has determined that the documents sought by Plaintiff, as limited to the above time frame, are relevant to the determination of the jurisdictional

issues, or may lead to the discovery of relevant evidence.  Since this time frame excludes 2001, which is the period of time when the Horizonte defendants began to use the intellectual property at issue, it is designed to capture only those documents which would tend to show involvement by Caldas, Sr. only after the motive to engage in the alleged conspiracy arose.  Such documents would also be relevant with respect to the veracity of Caldas, Sr.'s claim that he was essentially a passive investor with respect to Horizonte.

Therefore, based upon the a review of the record as a whole, and the arguments presented at the hearing, and for the reasons stated in greater detail on the record, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (DE # 95) is **GRANTED, in part**.  On or before March 30, 2007, Defendant Caldas, Sr.  shall serve all responsive documents, as limited to documents authored or received between May 2002 and April 2006.  In addition, since his deposition has already been taken in Portugal, he shall provide an Affidavit which describes the search that was undertaken to locate responsive documents.  It is further

**ORDERED AND ADJUDGED** that Defendant's Cross-Motion for Stay of Discovery or for Protective Order is **GRANTED, in part**.  Discovery from Defendant Caldas, Sr.  is limited to jurisdictional discovery pending resolution of the Motion to Dismiss, or further Order of the Court.  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Agreed Motion for Enlargement of

Time to Serve a Response to Caldas Sr.'s Motion to Dismiss (DE # 97) is **GRANTED**.

Plaintiff's response is due on or before April 27, 2007.

**DONE AND ORDERED** in Miami, Florida, on March 9, 2007.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Federico A. Moreno
    United States District Judge
All counsel of record