UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-20976-CIV-MORENO

PLATYPUS WEAR, INC., a California corporation,

    Plaintiff,

vs.

CLARKE MODET & CO., INC., a Florida corporation; CLARKE, MODET AND COMPANY, S.L., a foreign corporation,

    Defendants.
_____/

## **ORDER ON CLARKE, MODET AND COMPANY, S.L.'S MOTION TO DISMISS**

THIS CAUSE came before the Court upon Clarke, Modet and Company, S.L.'s Motion to Dismiss **(D.E. No. 103)**, filed on **March 7, 2008**. The Court has considered the motion, the response, the reply and the pertinent portions of the record. The Court held a hearing on the motion on **January 16, 2008** during which the Court ruled on the motion from the bench. The following analysis supplements the reasons stated in Open Court for this Court's ruling. This Order concludes with a summary of this Court's rulings.

### **I.  BACKGROUND**

Platypus Wear, Inc. is the plaintiff. The only remaining defendants in this action are Clarke, Modet and Company, S.L. (a Spanish entity) and Clarke Modet & Co., Inc. (a Florida entity). This Order refers to the Clarke Modet entities as either "Clarke SPAIN" or "Clarke USA" to promote clarity. References to simply "Clarke Modet" refer to all of the Clarke Modet offices across the globe. Clarke Modet is a professional services firm that offers intellectual property services to

clients. Each of the branch offices located across the globe (including Clarke USA) are independently organized entities.

The claims involve allegations that Clarke SPAIN and Clarke USA through a Brazilian attorney employed by the Brazilian entity of Clarke Modet (Elisa Santucci) conspired to fraudulently transfer trademarks depicting "bad boys" and "bad girls" from Platypus to two parties not named as defendants: Horizonte and Big Blue. The counts include (1) legal malpractice, (2) breach of fiduciary duty, (3) fraud, (4) conspiracy to defraud, (5) RICO and (6) conspiracy to commit RICO.

Clarke SPAIN moved to dismiss the case. The motion to dismiss claims (1) lack of personal jurisdiction, (2) improper venue in the Southern District of Florida, (3) *forum non conveniens*, and (4) failure to state a claim. This Order addresses those arguments in turn.

## II.   PERSONAL JURISDICTION

Clarke SPAIN claims that this Court does not have jurisdiction over it because Clarke SPAIN has no contacts with Florida. Clarke SPAIN insists that Clarke USA is an entirely separate entity whose contacts with Florida cannot be considered in the personal jurisdiction analysis.

The following facts are undisputed. Clarke SPAIN owns 40% of Clarke USA. The rest of Clarke USA is owned by other independently organized branch offices of Clarke Modet. Clarke USA employs two people. Neither of these persons are lawyers or directly provide intellectual property services to clients. One of the employees collects debts owed to Clarke SPAIN and its subsidiaries from American clients. The other employee solicits business for Clarke SPAIN and its subsidiaries.

Eleventh Circuit precedent indicates that Clarke USA is the agent of Clarke SPAIN. The contacts of Clarke USA are therefore imputed to Clarke SPAIN for the purpose of analyzing personal

jurisdiction. The Eleventh Circuit case <u>Meier v. Sun International Hotels, Ltd.</u>, 288 F.3d 1264 (11th Cir. 2002) held that a resident corporation with substantial financial ties to the parent corporation (a Bahamian hotel) and with the sole purpose of soliciting and managing bookings for the hotel was the agent of that parent corporation for the purpose of personal jurisdiction analysis. In <u>Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino</u>, 447 F.3d 1357 (11th Cir. 2006), the Eleventh Circuit held that a resident corporation that existed exclusively to book stays at a Nassau hotel was an agent of the Nassau hotel for the purpose of establishing general jurisdiction over the parent Nassau hotel. The existence of a booking agency that exists exclusively to book rooms at a foreign corporation hotel as in <u>Meier</u> and <u>Stubbs</u> is analogous to a corporation that exists solely to collect debts and market the services of a foreign professional services firm.

The presence of two employees and an office in Florida is sufficient for general personal jurisdiction. This satisfies both the Florida long arm statute and constitutional due process requirements. *See* <u>Meier</u> and <u>Stubbs</u>.

### III.   VENUE

Platypus alleges that a meeting took place in Florida during which the attendees allegedly executed four agreements that (fraudulently) transferred trademarks. The parties dispute what happened at the meeting. The parties do not dispute that the meeting took place. The meeting in Miami constitutes a substantial part of the alleged fraud because the (alleged) transfer took place during that meeting. The meeting in Miami is therefore adequate to support venue in the Southern District of Florida. *See* <u>Jenkins Brick Co. v. Bremer</u>, 321 F.3d 1366, 1372 (11th Cir. 2003).

### IV.   *FORUM NON CONVENIENS*

*Forum non conveniens* consists of three elements: (1) adequate alternative forum, (2) private interests, and (3) public interests.  See Leon v. Million Air USA, 251 F.3d 1305, 1310-1311 (11th Cir. 2001).  The burden falls on Clarke SPAIN to demonstrate all elements of *forum non conveniens*. *Id*.  There is a strong presumption in favor of upholding the plaintiff's initial forum choice.  La Seguridad v. Transytur Line, 7078 F.3d 1304, 1307 (11th Cir. 1983).

This Court holds that Brazil is an adequate alternative forum.  Platypus has already availed itself of Brazil in a different lawsuit concerning the same facts.  Platypus' complaints that Brazilian courts do not allow pretrial discovery, jury trials, and that cases may take longer than three years are inapposite.  Clarke Modet stipulates, however, that both Clarke SPAIN and Clarke USA submit to jurisdiction in Brazil.

This court reserves ruling on the private interests and public interests elements of *forum non conveniens*.  This Court believes it will be better able to evaluate these arguments after considering Clarke Modet's motions for summary judgment.

### V.   FAILURE TO STATE A CLAIM

Clarke SPAIN raises three arguments, discussed in turn.  First, Clarke SPAIN argues that all claims should be dismissed because all of Platypus' counts relate to a claim of legal malpractice under Brazilian law.  Clarke SPAIN cites two Florida state court cases.  The first case applies Florida *forum non conviens* law to decide that a foreign country is the best place to determine a legal malpractice claim against a foreign attorney practicing foreign law.  Bacardi v. De Lindzon, 728 So.2d 309 (Fla. 3d Dist. Ct. App. 1999).  The second case decides that the state of Florida did not have personal jurisdiction over an attorney who drafted a trust agreement governed under another

state's law but executed by a person domiciled in Florida. Harris v. Shuttleworth and Ingersoll, P.C., 831So.2d 706 (Fla. 4th Dist. Ct. App. 2002). Neither of these cases involve the question of whether a complaint has stated a cause of action. It may be that Brazilian law applies to the legal malpractice claim. The parties have not briefed whether or not the facts asserted in the complaint state a cause of action for legal malpractice under Brazilian law. The proper issue is simply whether or not a cause of action has been stated. Clarke SPAIN has cited no authority that states that a legal malpractice claim that falls under foreign law is not cognizable in the state of Florida. It is also not clear that counts two through six require application of legal malpractice law. An attorney can commit fraud and a violation of RICO independently of committing malpractice. This argument is therefore denied.

Second, Platypus argues that this Court should dismiss the RICO counts because Platypus did not timely file a RICO statement. Local Rule 12.1 requires the filing of the RICO case statement within 30 days of the filing of the complaint. The Amended Complaint was filed on June 30, 2006. Platypus filed the RICO Case Statement on August 28, 2006. Platypus thus filed the RICO Case Statement 59 days after filing the Amended Complaint. Dismissal of RICO counts for violation of Local Rule 12.1 is discretionary. This Court decides not to dismiss the RICO counts because Clarke Modet has not suffered any prejudice.

Third, Clarke Modet argues that Platypus' RICO allegations do not satisfy the distinctness rule. The distinctness rule requires that the alleged "person" be a distinct entity when compared to the alleged "enterprise" in civil RICO counts. United States v. Goldin Industries USA, 219 F.3d 1271 (11th Cir. 2000). The "person" in this case is Clarke Modet. The "enterprise " is the aggregate of Clarke Modet, Laurens Offner, Big Blue and those persons identified in the complaint as the

Horizonte Defendants. The allegations therefore allege the cooperation of distinct persons each of whom were compelled by different interests to consummate the alleged conspiracy. This argument is therefore denied.

Clarke Modet's reply brief argues that Clarke SPAIN cannot be responsible for the acts of Elisa Santucci because of principles of *respondeat superior* liability as specially applied in RICO cases. It appears that the summary judgment motions address this issue. This Court will not consider this issue in the Motion to Dismiss because it requires consideration of evidence and because Platypus was not able to respond to the argument.

## VI.  SUMMARY OF RULINGS

For the foregoing reasons and for the reasons stated in Open Court, this Court holds:

1. This Court has personal jurisdiction over Defendant Clarke SPAIN.

2. The Southern District of Florida is an appropriate venue for this lawsuit.

3. Brazil is an adequate alternative forum for purposes of *forum non conveniens*. This Court, however, reserves judgment about the private interests and public interests elements of *forum non conveniens*.

4. Platypus has adequately stated causes of action for all six counts in the complaint.

5. This Court exercises its discretion to not dismiss the RICO counts because of Platypus' late filing of the RICO case statement in violation of Local Rule 12.1.

DONE AND ORDERED in Open Court at Miami, Florida, this 16th day of January, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record