UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20976-CIV-MORENO/SIMONTON

PLATYPUS WEAR, INC.,

      Plaintiff,

v.

CLARKE MODET & CO., INC., *et al.*,

      Defendants.

_____/

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO COMPEL

      Presently pending before the Court is the motion to compel filed by Defendants,

Clarke Modet & Co., Inc. and Clarke Modet and Company, S.L. (collectively, "Clarke

Modet" or "Defendants") (DE # 254).  This matter has been fully briefed (DE ## 305 and

309) and referred to the undersigned Magistrate Judge (DE # 281).  Based upon a review

of the record and for the reasons stated herein, Defendant's motion is **GRANTED** in part

and **DENIED** in part.

I.      BACKGROUND

      A.    Factual History

      The instant discovery motion stems from an amended complaint filed by Plaintiff,

Platypus Wear, Inc. ("Platypus").  Platypus alleges that Laurens Offner usurped its

corporate control and, among other things, purported to transfer Platypus' legitimate

trademark rights to third parties, including Horizonte, Ltda. ("Horizonte") and Big Blue

Comercio Ltda. ("Big Blue") (DE # 16 at 5-6).  According to the amended complaint,

Platypus was represented during this time by Elisa Santucci, Esq., an agent of

Defendants, who assisted Offner in his efforts to strip Platypus of its valuable

commercial trademark rights and illicitly transfer them to Big Blue and Horizonte.  Based

on those acts of Ms. Santucci, Platypus sued Defendants in this Court seeking damages

for legal malpractice (Count 1), breach of fiduciary duty (Count 2), fraud (Count 3),

conspiracy (Count 4), and violations of the civil RICO statute (Counts 6-7).

   **B.**  <u>The Pending Discovery Disputes</u>

   In the instant motion to compel, Defendants seek to have this Court deny

Platypus' objections to Defendants' Request for Production Nos. 1-11; in addition,

Defendants request that this Court order Platypus to turn over a series of documents

that Platypus identified on its privilege log and withheld on the basis of the attorney-

client privilege (DE # 254 at 2).[1]

   In their reply brief, Defendants complained that Platypus' production of

responsive documents is deficient because Platypus failed to identify which discovery

responses were associated with which discovery requests and because Platypus failed

to translate some documents into English (DE # 309 at 2-3).  Defendants, however, in

their reply, offered to withdraw their motion to compel if Platypus would:

   1.  Stipulate that it has produced all the documents it provided to its damage expert;

   2.  Stipulate that it has produced all documents relating to communications between Platypus and Defendants or their affiliated entities;

   3.  Promise not to rely on any documents that it did not provide in response to Defendants' Requests for Production or in its Initial Disclosure;

   4.  Indicate which documents are responsive to which discovery requests;

---

[1]  **Defendants make alternative requests for relief, in the form of an order striking Platypus' damages claim and/or granting Defendants' relief from the expert discovery deadline.  Based upon the extension of deadlines (DE ## 381 and 387) granted after this request was filed, this aspect of the motion is denied, without prejudice to renew if Defendants can establish prejudice.**

and

5.      Agree to pay for the translation of any responsive documents drafted in a foreign language

(DE # 309 at 5).

Based on the fact that Defendants' reply brief suggested that the parties might reach a negotiated settlement to at least some of their discovery disputes, this Court ordered the parties to submit a joint status report indicating which of the issues raised in the motion to compel had been resolved and which remained for adjudication (DE # 316).  The parties' joint status report indicated that they were able to resolve the following matters:

1.      Plaintiff will produce all documents sought in Request No. 10;

2.      Plaintiff will produce all documents that it provided to its damage expert;

3.      Plaintiff will indicate which documents are responsive to which discovery requests; and

4.      The parties will each bear their own costs associated with translating any documents that are produced by the other party.

(DE # 320).

Because Platypus was neither willing to produce all communications between it and Defendants or any Clarke Modet affiliate, nor willing to promise not to rely on any documents that it did not produce pursuant to the Request for Production or in its Initial Disclosure, the Court will now address the remaining disputed issues that were raised in the context of Defendants' Request for Production Nos. 1-9 and 11.

3

## II.   DISCUSSION[2]

### A.   Request Nos. 1-3

In Request Nos. 1-3, Defendants seek the production of all documents supporting Platypus' damages claims (Request No. 1); and all documents evidencing any trademark licensing agreements between Platypus and Big Blue's predecessor or Big Blue before the Brazilian Patent and Trademark Office (Request Nos. 2-3).

Platypus argues that it agreed to produce all responsive non-privileged documents within its control and, thus, there is no basis for the motion with respect to these requests.  In the absence of any apparent dispute, the undersigned simply clarifies that by failing to substantiate the objections based on overbreadth or relevance that it advanced in the its responses to Defendants' requests for production in its responses to Defendants' motion to compel, those objections are deemed waived (DE # 307 at 4).  The Court specifically finds that the requested documents are relevant to Platypus' damages claims and, therefore, shall be produced.  Any documents that Platypus contends are privileged shall be included on a privilege log pursuant to the applicable Federal and Local Rules.

### B.   Request Nos. 4-9

In Request Nos. 4-9, Defendants seek the financial records reflecting any royalty payments Big Blue's predecessor paid to Platypus in connection with a 1992 licensing

---

[2]   The undersigned notes that it appears that the parties have resolved their dispute regarding Defendants' effort to compel the production of documents reflecting communications between Platypus and Ms. Santucci, which Platypus initially withheld based on the existence of a purported attorney-client relationship between Platypus and Ms. Santucci (DE # 254 at 2).  In its response, Platypus explained that produced all the documents identified in its initial privilege log, including any communications between Platypus and Ms. Santucci (DE # 305 at 8).  Defendants have not contested this fact either in their reply brief or in the parties' joint status report.

agreement (Request No. 4); the financial records reflecting any royalty payments Big

Blue paid to Platypus in connection with a 1998 licensing agreement (Request No. 5);

Platypus' bank account statements and copies of any invoices reflecting such royalty

payments (Request Nos. 6-8); and Platypus' financial records reflecting any royalty

payments it collected from Big Blue at any time as a result of any licensing agreement

(Request No. 9).

  In its response to Defendants' motion to compel, Platypus describes these

requests as overbroad and duplicative, since the same data may be found in documents

it has already produced.  In the same breath, however, Platypus asserts that it "is

continuing to search for additional documents, including . . . even those that may be

duplicative of information already produced" (DE # 305 at 5-6).  Platypus shall continue

this course of searching its records and producing responsive materials.  The fact that

licensing payments may be reflected in more than one kind of document does not

necessarily excuse Platypus from its obligation to respond to Defendants' valid

discovery requests.  If, for example, Platypus were in possession of a bank statement

that reflected a royalty payments in an amount that differed from the amount reflected in

an invoice, it goes without saying that those materials would be relevant to the defense

of this cause and discoverable under the Federal Rules.

  Platypus also resists Defendants' attempts to discover its tax returns.  Platypus

contends that its "tax returns simply would not provide [Defendants] the information

sought by the requests at issue" (DE # 305 at 6).  Platypus further argues that, in order to

discover its tax returns, Defendants must demonstrate a "compelling need," which they

have not done (DE # 305 at 6) (citing *Pendlebury v. Starbucks Coffee Co.*, 2005 WL

2105024, at *2, No. 04-80521-CIV (S.D. Fla. Aug. 29, 2005)).  Defendants, on the other

hand, maintain that Platypus' tax returns are relevant to this case and no additional showing of "compelling need" is required (DE # 309 at 4) (citing *United States v. Certain Real Property Known As And Located At 6469 Polo Pointe Way, Delray Beach, Florida,* 444 F. Supp. 2d 1258, 1264 (S.D. Fla. 2006)).

Courts in this District have noted the apparent split of authority regarding the applicability of special protections that must be afforded to tax returns in the context of discovery. *See, e.g., Pendlebury*, *supra*, at *1 (collecting cases). Nevertheless, based on Eleventh Circuit precedent, there is no requirement that a party seeking to discover the tax returns of another must show a "compelling need" for the returns in addition to their relevance. *See Gutescu v. Carey Int'l, Inc.*, 2003 WL 25589035, at *3 (S.D. Fla. June 25, 2003) ("Plaintiff must produce her complete tax returns . . . . The[y] are clearly relevant to mitigation of damages") (citing *Maddow v. Procter & Gamble Co.* 107 F.3d 846, 853 (11th Cir. 1997)). The Court finds that the tax returns which are responsive to Defendants' requests for information – namely, those reflecting royalty payments received by Platypus from Big Blue and its predecessor – are relevant and discoverable. This Court recognizes the inherently private nature of tax returns, and notes that any sensitive financial information divulged during the course of discovery may be subject to the terms of the parties' stipulated confidentiality order (DE # 133).

C.    Request No. 11

The source of the parties' disagreement with regard to Request No. 11 – which seeks the production of any documents mentioned during the course of Mr. Offner's August 22, 2007 deposition which support the allegations in Platypus' amended complaint – is unclear (DE # 254 at 10).

Defendants' motion to compel focuses on issues concerning the attorney-client

6

privilege (DE # 254 at 11-13).  In turn, Platypus' response explains that any responsive documents which were previously withheld on the basis of privilege "have now been produced[, and accordingly,] the issues raised by this portion of the motion are likewise moot" (DE # 305 at 7).  Notably, Defendants' failed to address the substance of Request No. 11 or the attorney-client privilege in its reply brief (DE # 309).  Nevertheless, the parties listed Request No. 11 as an issue that remained for resolution by this Court in its joint status report, filed subsequent to the Reply (DE # 320 at ¶ 1).

Thus, although the parties' fundamental dispute pertaining to Request No. 11 concerned the attorney-client privilege, the Court notes that Platypus preserved its undue burden objection by explaining, in its response brief, that it has turned over the "vast majority of documents" that Mr. Offner referred to in the course of his deposition, and that Platypus should not have to scour the approximately three-hundred page transcript to determine whether it produced each and every single document mentioned. Defendants never addressed this argument and, although the documents are obviously relevant, the undersigned agrees with Platypus that the discovery request, as drafted, is overbroad and unduly burdensome.

On or before March 25, 2008, therefore, Defendants may request any document that Mr. Offner mentioned during his deposition that Platypus has not yet produced and Platypus shall deliver any such document to Defendants on or before April 1, 2008.

Therefore, it is hereby

**ORDERED** and **ADJUDGED** that Defendants' motion to compel (DE # 254) is **GRANTED** in part and **DENIED** in part as follows:

1.     On or before April 1, 2008, Plaintiff shall produce all documents within its

7

possession or control which are responsive to Request Nos. 1-3.  Any documents that

Plaintiff withholds on the basis of an asserted privilege shall be identified in a privilege

log in accordance with the Federal Rules of Civil Procedure and the Southern District of

Florida Local Rules.

2.    On or before April 1, 2008, Plaintiff shall produce all documents within its

possession or control which are responsive to Request Nos. 4-9, including any tax

returns that are responsive to those requests.  The discovery of these materials is

governed by the terms of the confidentiality order entered in this case, to the extent that

it is applicable (DE # 133).

3.    On or before March 25, 2008, Defendants shall serve upon Plaintiff a list

identifying which documents mentioned in Mr. Offner's deposition and supportive of the

allegations in the amended complaint, if any, it seeks to discover.  Plaintiff shall produce

the requested documents on or before April 1, 2008.

**DONE** and **ORDERED** in Chambers in Miami, Florida on March 17, 2008.

_Andrea M. Simonton_

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Federico A. Moreno, Chief United States District Judge
All counsel of record

8